40342, 40343. MYERS v. THE STATE (two cases).

GREGORY, Justice.

The defendant was convicted of the murder of Gregory Sherrill Crone and sentenced to life imprisonment. The evidence at trial showed the defendant and victim had been romantically involved for a number of years. It is not disputed that the defendant shot the victim four times after he taunted her with the fact of his engagement to another woman. The defendant then took an overdose of tranquilizers in a suicide attempt. The following day police officers found the couple's bodies in separate rooms of the defendant's house.

---

The defendant was taken to Kennestone Hospital for treatment of her drug overdose. As soon as her condition stabilized she was transferred to the hospital's Mental Health Unit for treatment and observation.

1. We agree with defendant that the photographs of the victim taken during the autopsy would be inadmissible under our holding in *Brown v. State,* 250 Ga. 862 (302 SE2d 347) (1983). However, that rule is prospective only, *Grant v. State,* 251 Ga. 434 (306 SE2d 265) (1983), and as defendant's case was tried prior to our decision in *Brown,* we do not find the admission of these photographs to constitute reversible error. *Grant,* supra.

2. Following her transfer to the Mental Health Unit of the Kennestone Hospital, defendant was interviewed by a nurse pursuant to a questionnaire prepared by the mental health nursing staff. In response to the question, "How do you feel about being on the [mental health] unit?," the defendant responded, "I have failed and I will have to face the music."

The defendant objected to the admission of this statement at trial on the basis of the psychiatrist-patient privilege, OCGA § 24-9-21(5) (Code Ann. § 38-418). She argues that the nurse receiving the communication was an agent of defendant's psychiatrist and, thus, the privilege should extend to this communication.

Georgia has no statute making a patient's statement to his nurse privileged. Some jurisdictions have held that in absence of a statutory privilege nurse-patient communications are not protected. State v. Burchett, 302 SW2d 9 (SC Mo. 1957); Block v. People, 240 P2d 512 (SC Colo. 1952). Other jurisdictions hold, based on the theory of agency, that even in absence of a statutory privilege, statements made to a nurse who is assisting a doctor in treating the communicant are privileged. State v. Anderson, 78 NW2d 320 (SC Minn. 1956); State v. Bryant, 167 SE2d 841 (5 NC App. 21) (1969); Mississippi Power & Light v. Jordan, 143 S 483 (SC Miss. 1932). McCormick, *Evidence* (2d Ed.), § 101, p. 216; 47 ALR2d 742. Where the nurse is an agent of the hospital rather than the communicant's doctor, however, the doctor's privilege will not protect communications made to the nurse. Ramon v. State, 387 S2d 745 (SC Miss. 1980).

It is clear to us that the nurse to whom defendant's statement was made was an agent of the hospital rather than the defendant's attending psychiatrist. OCGA § 10-6-1 (Code Ann. § 4-101). This nurse testified she worked for the hospital and not a particular psychiatrist, taking only such orders from hospital psychiatrists as were indicated on a patient's chart. The nurse testified that the report she made containing the defendant's statement was not made at the direction of any psychiatrist and she did not know if the

defendant's psychiatrist had even seen it. She further testified that she had never discussed the defendant's case with the defendant's psychiatrist.

We find no authority for holding the defendant's statement privileged under OCGA § 24-9-21(5) (Code Ann. § 34-418).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 31, 1984.

*Holley & Holley, William P. Holley, Jr., C. David Gafnea,* for appellant.

*Thomas J. Charron, District Attorney, James T. Martin, Jimmy D. Berry, Assistant District Attorneys, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.