## 69498. WEKSLER v. WEKSLER.
### (325 SE2d 874)

DEEN, Presiding Judge.

The appellant, Luiz Weksler, and the appellee, Frances Ann Weksler, were divorced on February 11, 1980. At that time, the appellee was given custody of their daughter, who was then five years old. In February 1984 the appellant commenced this action seeking custody of the child. Following a hearing, the Juvenile Court of Bibb County denied the petition and continued custody with the appellee. On appeal, Luiz Weksler contends that the trial court erred in refusing to admit into evidence records subpoenaed from a psychiatric hospital concerning the appellee's voluntary admission to that facility in October 1983. *Held*:

OCGA § 37-3-166 (a) (8) provides that a clinical record of a mental health patient shall be maintained in confidentiality, but that "[t]he record shall be produced in response to a valid subpoena or order of any court of competent jurisdiction, except for matters privileged under the laws of this state . . ." Under OCGA § 24-9-21 (5), communications between a psychiatrist and a patient are privileged. This privilege, however, does not extend to any communications made to nurses or attendants unless it is shown that they were the agents of the attending psychiatrist. *Myers v. State*, 251 Ga. 883 (310 SE2d 504) (1984). In this case, the appellant having duly subpoenaed the appellee's clinical record from the psychiatric hospital where she voluntarily admitted herself in October 1983, that record was producible, except for the portions containing any privileged communications.

The admissibility of the unprivileged portions of the record is controlled, of course, by the established rules relevant to the introduction of medical records. Evaluations, impressions, diagnostic opinions and conclusions are inadmissible, upon proper objection, unless the person who made the entry appears before the court, qualifies as an expert, and relates the facts upon which the entry was based. *Dennis v. Adcock*, 138 Ga. App. 425, 428 (226 SE2d 292) (1976); accord

*Giles v. Taylor,* 166 Ga. App. 563 (305 SE2d 154) (1983). Recorded hearsay statements of third parties are also inadmissible unless they fall within one of the exceptions to the hearsay rule. See *Giles v. Taylor,* supra; *Moody v. State,* 244 Ga. 247 (4) (260 SE2d 11) (1979). Although records which contain a mixture of inadmissible entries along with admissible portions are entirely inadmissible if tendered in toto, *Moody v. State,* supra, that rule is inapplicable in this case because the appellant obviously had no access to the records and no opportunity to select the admissible parts.

In summary, while perhaps not much of the clinical records subpoenaed in this case would be admissible, we cannot blindly conclude that the admissible portions were merely cumulative or would not have affected the court's judgment. Accordingly, rehearing in this case is necessary for the consideration of any of the unprivileged, admissible portions of the subpoenaed records.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur in the judgment only.*

DECIDED JANUARY 8, 1985.

*Frank H. Childs, Jr.,* for appellant.
*John E. James, Kathryn M. Weigand,* for appellee.