A89A1836. AETNA CASUALTY & SURETY COMPANY v. RIDGEVIEW INSTITUTE, INC. et al.

(392 SE2d 286)

POPE, Judge.

We granted this interlocutory appeal to determine whether certain medical and psychiatric records in the possession of appellee Ridgeview Institute, Inc. (Ridgeview) should be produced in connection with a civil suit for damages brought by plaintiff Dr. Jose A. Rosell. Dr. Rosell was injured in an auto accident in Atlanta in November 1984. Aetna Casualty & Surety Company (Aetna), appellant here, was Dr. Rosell's uninsured motorist carrier and is a party defendant in Dr. Rosell's suit for personal injuries. At the time of the accident, Dr. Rosell was completing a treatment program for alcoholism at Ridgeview. Before this accident, Dr. Rosell had practiced family medicine in Norman, Oklahoma. Dr. Rosell claims in the suit that the injuries he received in the accident have made family practice too difficult to continue and he has been forced to switch to the less physically demanding specialty of psychiatry. However, in deposition, in response to cross-examination, he admitted that his treatment at Ridgeview had caused him to consider psychiatry instead of family practice as a specialty. Aetna sought production of Dr. Rosell's medical records at Ridgeview to discover whether Dr. Rosell's decision to switch to psychiatry predated the accident. Ridgeview refused to produce the records, citing privilege pursuant to state law and prohibition from disclosure by federal law. The trial court refused to order production, but certified the issue for immediate review. *Held*:

1. Because Ridgeview is an institution for the treatment of drug and alcohol abuse that receives financial assistance from the federal government, it is subject to the provisions of 42 USC §§ 290dd-3, 290ee-3 and 42 CFR, Part II (1987). These provisions severely restrict the production of patient records by an institution receiving such federal financial assistance. Absent written consent from the patient (42

USC §§ 290dd-3 (b) (1); 290ee-3 (b) (1); 42 CFR § 2.31 (1987)), disclosure is permitted only in case of medical emergency, for purposes of research or program evaluation, or if authorized by order of a court of competent jurisdiction upon a showing of good cause. 42 USC §§ 290dd-3 (b) (2); 290ee-3 (b) (2). In this case, we are concerned with the "good cause" exception. In determining "good cause," a court must "weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure." 42 §§ USC 290dd-3 (b) (2) (C); 290ee-3 (b) (2) (C). Further, the regulations provide: "(a) A court order under these regulations may authorize disclosure of confidential communications made by a patient to a program in the course of diagnosis, treatment, or referral for treatment only if: . . . (3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications." 42 CFR § 2.63. In addition, the federal regulations make it clear that even if disclosure is allowed under federal law, if state law prohibits disclosure, federal law may not be construed to allow disclosure contrary to the state law. 42 CFR § 2.20.

In examining the case before us, we conclude that the trial court erred in not authorizing disclosure of the record to itself for an *in-camera* inspection. We agree with Aetna that Dr. Rosell has placed in issue the reason for his switch from family practice to psychiatry by virtue of his claim of damages as a result of that switch and his deposition testimony that he was considering the move as a result of his stay at Ridgeview. However, the trial court's inspection and decision must be carried out bearing in mind the privilege against disclosure of communications between psychiatrist and patient found in OCGA § 24-9-21 (5). Even though Aetna argues that the decision of *Bobo v. State*, 256 Ga. 357 (349 SE2d 690) (1986), mandates that the patient/ psychiatrist privilege must give way to its need to defend its civil claim, we do not agree. Although the Supreme Court set up a balancing test to determine those rare instances when the privilege must yield to a fundamental constitutional right, the present civil dispute does not fall within the purview of that decision. See *Bobo*, supra, Division 2 at 358. To the extent that the records in question disclose information or communications made between Dr. Rosell and persons other than a psychiatrist or the psychiatrist's agent and such communications are relevant to Aetna's defense, they would be discoverable under Georgia law. *Lipsey v. State*, 170 Ga. App. 770 (2) (318 SE2d 184) (1984). Under Georgia law, the non-privileged portions of

Ridgeview's clinical records on Dr. Rosell would be subject to discovery. *Weksler v. Weksler*, 173 Ga. App. 250 (325 SE2d 874) (1985).

We hold that the trial court must issue an order to Ridgeview authorizing and compelling release of its records pertaining to Dr. Rosell to the trial court for an *in-camera* inspection to determine if such records contain any non-privileged information relevant to Aetna's defense of the claim of damages by Dr. Rosell relating to his switch of specialties and to the loss of consortium claim. If it finds relevant material, the trial court may then fashion an order of disclosure restricting access or use of the material to the narrowest manner possible to preserve as far as practicable the goal of confidentiality mandated by federal law. See 42 CFR § 2.64.

2. By brief, Aetna raises a constitutional attack on the application of federal law not raised below. We cannot consider this enumeration. *Blackston v. Ga. Dept. Natural Resources*, 255 Ga. 15 (1) (334 SE2d 679) (1985).

*Judgment reversed with direction. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990.

*Love & Willingham, Allen Willingham, Robert P. Monyak*, for appellant.

*Alembik, Fine & Callner, Harry J. Winograd, Troutman, Sanders, Lockerman & Ashmore, Rutledge Q. Hutson, Elizabeth Obenshain, Powell, Goldstein, Frazer & Murphy, H. Worthington Lewis, Jenkins, Bergman & Darroch, Robert M. Darroch*, for appellees.