A89A1686. ANNANDALE AT SUWANEE, INC. v. WEATHERLY.

(392 SE2d 27)

Pope, Judge.

We granted this interlocutory appeal to consider whether the trial court properly applied the law of privilege relating to certain medical and clinical records in the possession of appellant Annandale at Suwanee, Inc. (Annandale). Appellee Weatherly (hereinafter "plaintiff") sued Annandale on behalf of the estate of Sarah Charles Mitchell who died in a fire on the Annandale campus. Annandale is a boarding institution for mentally handicapped patients. The fire was allegedly set by another boarder, Harold Manown. Manown is an incompetent adult who is deaf and without speech. Plaintiff alleges that Annandale was negligent in supervising Manown and that it knew of Manown's dangerous propensities. Manown is a ward of the State of Maryland, which arranged for his boarding at Annandale. At issue in this appeal are medical and clinical records pertaining to Manown compiled by Maryland and sent to Annandale in connection with Manown's placement in Annandale. Plaintiff filed a request to produce asking for all medical, psychiatric and psychologist reports and any other documents referring to Manown obtained by Annandale from any source. After Annandale objected on the basis of psychiatrist/psychologist-patient privilege, plaintiff sought an order to compel production. The trial court reviewed the records *in camera* and ordered production of all the records. *Held*:

The psychiatrist/patient privilege is codified in OCGA § 24-9-21 (5): "There are certain admissions and communications excluded on grounds of public policy. Among these are: (5) Communications between psychiatrist and patient." OCGA § 43-39-16 provides that: "The confidential relations and communications between a licensed psychologist and client are placed upon the same basis as those provided by law between attorney and client; and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."

Although the law provides an absolute privilege against disclosure of communications between a patient and his psychiatrist or psy-

chologist, courts have narrowly interpreted the privilege. "While it is arguable that disclosures made in confidence to mental health professionals other than psychiatrists and psychologists ought to be privileged, the Legislature has not seen to make them so; and the mere fact that a communication is made in confidence is generally considered insufficient to entitle it to a privilege unless the parties bear to each other one of the specific relations recognized as privileged by statute. [Cit.]" *Lipsey v. State*, 170 Ga. App. 770, 772 (318 SE2d 184) (1984). "OCGA § 37-3-166 (a) (8) provides that a clinical record of a mental health patient shall be maintained in confidentiality, but that '(t)he record shall be produced in response to a valid subpoena or order of any court of competent jurisdiction, except for matters privileged under the laws of this state. . . .' [C]ommunications between a psychiatrist and a patient are privileged. This privilege, however, does not extend to any communications made to nurses or attendants unless it is shown that they were the agents of the attending psychiatrist. [Cit.]" *Weksler v. Weksler*, 173 Ga. App. 250 (325 SE2d 874) (1985) (court ordered production of clinical record from psychiatric hospital with privileged portions deleted).

The situation before us is akin to that in *Weksler*, supra. Our *in camera* inspection of the record in issue reveals many documents reflecting medical treatment and evaluation and treatment by mental health professionals, but only three reports that were made by a psychiatrist or a psychologist involving communications between Manown and the doctor. Even though the reports themselves indicate that communication between doctor and patient was limited and frustrating to the doctor due to Manown's profound physical limitations and mental deficiencies, nevertheless it is clear that a "communication" did occur and those portions of the reports are privileged. The report of Michael R. Baum, psychologist, dated 11/10/82, a portion of page 2 of the report of Vernon McCay, psychologist, dated 1/18/82 and a portion of page 3 of a report of Barry Mendelsohn, M.D., psychiatrist, dated 4/7/82 contain privileged material and are not to be produced. The remainder of the documents in question are to be produced. We have separated the privileged material from the rest, marked it and sealed it.

Although Annandale argues eloquently that we should make an exception and expand the privilege in cases involving the "deaf and dumb," such action is not for the courts, but rather for the legislature. Even though the trial court's order below did not articulate its reasoning and even though we find that the trial court erred in ordering production of all documents, we are certain, contrary to Annandale's stated fear, that the trial court did consider Manown's special status as a "deaf and dumb," physically and mentally handicapped person before rendering its decision. However, as we have stated, that status

does not change the result.

*Judgment affirmed in part; reversed in part. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Joseph B. Atkins*, for appellant.
*Cathey & Strain, Dennis T. Cathey*, for appellee.