A94A2012. PLUNKETT v. GINSBURG.
(456 SE2d 595)

ANDREWS, Judge.

We granted interlocutory appeal to consider the trial court's grant of a motion for protective order. The order prohibited the discovery of the records of a psychiatrist treating plaintiff Ginsburg, who had sued Plunkett as a result of an automobile accident.

The accident occurred on June 13, 1991 and Ginsburg, an optometrist, has not worked again since. Her complaint alleged that she had suffered "severe and great pain of body and mind." During discovery, Dr. Rascoe, the psychiatrist, was identified as one "who rendered treatment to her following the automobile accident." Ginsburg had also been treated by Dr. Rascoe before the accident in connection with "anxiety related problems in connection with her pregnancy." Ginsburg's answers to interrogatories stated that she "continued to be seen by Dr. Rascoe for anxiety resulting from her injuries in this automobile accident and depression following same."

Ginsburg underwent an independent orthopedic examination of her cervical condition. The orthopedist reported that she was suffering "major psychosocial dysfunction" and that "the magnitude of her subjective complaints [is] not substantiated by objective clinical findings."

Below, Ginsburg entered into the record a sworn stipulation that she "does not contend that her inability to engage in her employment is the result of a psychiatric condition." Ginsburg, however, reserves the right to contend that the "trauma of this incident has caused her pain and suffering and possibly some depression . . ." as well as "mental pain and suffering that was directly caused by the physical trauma she suffered. . . ." While this is not stipulated by both parties, it is an admission in judicio as to Ginsburg. *Walker v. Jack Eckerd Corp.,* 209 Ga. App. 517, 518 (1) (434 SE2d 63) (1993); see *Ga. Farm Bureau Mut. Ins. Co. v. Hand,* 211 Ga. App. 703, 705 (440 SE2d 92) (1994).

The trial court conducted an in camera review of Dr. Rascoe's records and concluded that "the information contained in Dr. Rascoe's records is privileged, pursuant to OCGA § 24-9-21 (5)." The court further concluded that the fact of employment of and treatment by a psychiatrist, including dates of treatment, is not privileged. The records reviewed by that court have been made part of the record here by a supplemental record. We have also reviewed them and agree that to the extent the documents reflect "communications" between psychiatrist and patient, they are privileged.

"The Georgia Civil Practice Act provides for the discovery of 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.' Although there is no privilege for general physician-patient communications in Georgia, two statutes extend a privilege against disclosure to the confidential communications between a psychiatrist or licensed psychologist and patient. See OCGA §§ 24-9-21 (5); 43-39-16; *Nat. Stop Smoking Clinic-Atlanta v. Dean*, 190 Ga. App. 289 (378 SE2d 901) (1989)." *Wiles v. Wiles*, 264 Ga. 594, 595 (1) (448 SE2d 681) (1994).[1]

While psychiatric records are not absolutely privileged, "*communications* between a psychiatrist and patient *are* absolutely privileged and that privilege must be waived as a pre-condition of discovery. [Cits.]" (Emphasis in original.) *Dynin v. Hall*, 207 Ga. App. 337, 338 (1) (428 SE2d 89) (1993). The privilege may be waived by the affirmative act of calling one's psychiatrist/psychologist as a witness in one's behalf and asking about mental status. *Fields v. State*, 221 Ga. 307, 308 (2) (144 SE2d 339) (1965). The present situation, however, does not fall within this category. In fact, Ginsburg has stipulated that she is not seeking recovery of any expenses incurred in seeing Dr. Rascoe.

The privilege does not extend, however, to any communications made to nurses or attendants, unless they were acting as agents of the attending psychiatrist, nor, as noted by the trial court, does it preclude discovery of the fact and dates of treatment. *Annandale at Suwanee v. Weatherly*, 194 Ga. App. 803, 804 (392 SE2d 27) (1990).

"[I]n *any* action, the actual communications between a psychiatrist and a patient would be relevant to the patient's mental state and would constitute the most objective evidence thereof. Nevertheless, the legislature has clearly expressed its intent that, as a matter of public policy, psychiatrist-patient communications are to be privileged and are to remain privileged *even though* the patient's 'care and treatment or the nature and extent of his injuries (have been put) at

---

[1] *Wiles* interpreted "psychiatrist" as " 'a person licensed to practice medicine, or reasonably believed by the patient so to be, who devotes a substantial portion of his or her time engaged in the diagnosis and treatment of a mental or emotional condition, including alcohol or drug addiction.' " Id. at 597.

issue in any civil or criminal proceeding.' OCGA § 24-9-40. To hold that communications between the [patient] and her psychiatrist have lost their privileged character and are discoverable merely because they are the most objective evidence of the relevant issue of the decedent's mental state would contravene the legislature's express intent." (Emphasis in original.) *Dynin,* supra at 339 (4). As noted in *Bobo v. State,* 256 Ga. 357, 358 (2) (349 SE2d 690) (1986), OCGA § 24-9-40, which waives the privilege of confidentiality of medical records to the extent that medical care and treatment are placed at issue, specifically exempts psychiatrists from its coverage. "The psychiatrist-patient privilege is not waived when a party who claims it is seeking to recover damages for injuries of a mental and emotional nature. *Wilson v. Bonner,* 166 Ga. App. 9, 16 (303 SE2d 134) (1983)." *Bobo,* supra.

In *Aetna Cas. &c. Co. v. Ridgeview Institute,* 194 Ga. App. 805 (392 SE2d 286) (1990), a physician injured in an automobile accident sued his uninsured motorist carrier for his injuries. At the time of the injury, the doctor was undergoing an alcoholism treatment program at Ridgeview. Before the accident, he had practiced family medicine. He contended that, due to his injuries, this practice had become too demanding and he was forced to switch to the less physically demanding specialty of psychiatry. In deposition, however, the doctor admitted that his treatment at Ridgeview had influenced his decision. Aetna sought Ridgeview's records to discover whether his decision predated the accident. This court held that an in camera review was required by the trial court to determine if there was non-privileged information in the records which would be discoverable, even though any communications between psychiatrist and patient would not be discoverable.

Although such a review was conducted here, the order does not reflect any analysis of the records to separate any non-privileged and discoverable material from that which is privileged and non-discoverable.

Therefore, the court's order is affirmed in part as it relates to "communications" between Dr. Rascoe and Ginsburg, but reversed in part as it relates to any other matters which may be contained in the records. This case is remanded to the trial court for review of the records in conformance with this opinion, i.e., to separate privileged versus non-privileged information and provide a redacted copy.

*Judgment affirmed in part, reversed in part, and remanded with direction. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 17, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995.

*Goldner, Sommers, Scrudder & Bass, Stephen L. Goldner, Tammy S. Skinner,* for appellant.
*William L. Skinner,* for appellee.