**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 12, 2016**

# In the Court of Appeals of Georgia

A16A0657. GWINNETT HOSPITAL SYSTEM, INC. et al. v. PE-027
HOOVER.

PETERSON, Judge.

Gwinnett Hospital System, Inc. d/b/a Gwinnett Medical Center, Megan Edwards, R.N., and Shawn Grier, R.N. (collectively, "Gwinnett Medical Center) appeal from the denial of their motion to compel the production of a journal written by Muriel Hoover, the plaintiff in this wrongful death lawsuit. Gwinnett Medical Center argues the trial court erred by (1) determining that the entire journal was a privileged communication, and (2) failing to conduct an in camera review of the journal to determine whether any part of it was unprivileged and subject to production. We affirm because the entire journal is a privileged communication with the agent of a licensed professional therapist.

Hoover's husband died shortly after he was treated at Gwinnett Medical Center. Hoover filed this lawsuit asserting a wrongful death claim. As part of discovery in that lawsuit, Gwinnett Medical Center requested that Hoover identify and produce any diaries or journals memorializing the care and treatment of her husband. In her discovery responses, Hoover indicated that she was unaware of any responsive material but reserved the right to supplement.

During her deposition, however, Hoover testified that she maintained a "grief journal" that she started after it was recommended to her during a counseling session. Hoover attended counseling sessions with a licensed associate professional counselor ("LAPC") who was supervised outside of the patient sessions by a licensed professional counselor.[1] Following the deposition, Gwinnett Medical Center requested that Hoover supplement her discovery responses to produce the journal. Hoover refused, claiming the journal was privileged under OCGA § 24-5-501(a)(7) because the journal constituted confidential communications between a licensed professional counselor and a patient. Gwinnett Medical Center moved to compel the production of the journal for, at a minimum, the court's in camera inspection.

[1] Due to scheduling conflicts, Hoover began seeing the associate professional counselor at the licensed professional counselor's request.

Gwinnett Medical Center argued that Hoover's journal is not privileged because it was not made pursuant to the direction of a licensed professional counselor, but rather by an associate professional counselor who was studying to become a licensed professional counselor, and because it may not qualify as a communication. The trial court denied the motion, finding that the journal was not subject to production because it is a privileged communication under § 24-5-501(a)(7), and this appeal followed.

We review "a trial court's decision as to discovery matters, including the application of a privilege, for an abuse of discretion." *Brown v. Howard*, 334 Ga. App. 182, 183 (778 SE2d 810) (2015) (citations omitted).

1. Gwinnett Medical Center argues that the trial court erred by finding the journal was protected as a confidential communication between a licensed professional counselor and a patient. We disagree.

OCGA § 24-5-501(a)(7) protects "communications between a licensed clinical social worker, clinical nurse specialist in psychiatric/mental health, licensed marriage and family therapist, or licensed professional counselor and patient[.]" OCGA § 24-5-501(a)(7).

3

Under the clear language of the statute, in order for the privilege to apply here, the journal must be a "communication" between Hoover and a "licensed professional counselor[.]" OCGA § 24-5-501(a)(7). The parties do not dispute that Hoover went to counseling sessions with an LAPC who was studying to become a licensed professional counselor. Due to a scheduling conflict, Hoover was referred to the LAPC at the suggestion of the licensed professional counselor. But Hoover remained the licensed professional counselor's patient, and the recommendation that Hoover begin a grief journal was part of a treatment plan developed by both the licensed professional counselor and LAPC. Hoover brought her grief journal to her counseling sessions and communicated their contents to the associate professional counselor as part of her therapy. Based on these sessions, the licensed professional therapist would then suggest or approve treatment for Hoover in conjunction with the LAPC. Therefore, the contents of the grief journal were communicated to the licensed professional counselor through the LAPC as part of Hoover's treatment plan. Moreover, the LAPC was working for and was under the direct supervision of the licensed professional counselor in providing care and treatment for Hoover. We find that, under the circumstances here, the LAPC was acting as the agent of the licensed professional counselor. *See Satisfaction & Service Housing, Inc. v. SouthTrust Bank,*

4

*Inc.*, 283 Ga. App. 711, 712-13 (642 SE2d 364) (2007) ("an agency relationship is created wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf") (footnote omitted).

We have observed on many occasions in *dicta* that the mental health privilege does not cover patient communications with individuals such as nurses or attendants who support the qualifying professional unless those individuals were acting as agents of the professional. *See, e.g.*, *Brown*, 334 Ga. App. at 186 (1); *Plunkett v. Ginsburg*, 217 Ga. App. 20, 21 (456 SE2d 595) (1995); *Annadale at Suwanee, Inc. v. Weatherly*, 194 Ga. App. 803, 804 (392 SE2d 27) (1990). And we have noted that, in the attorney-client context, the privilege extends to communications among attorneys, their agents, and their clients. *See Neuman v. State*, 297 Ga. 501, 504 (2) (773 SE2d 716) (2015). The exclusion from evidence of attorney-client communications arises from the same statute that excludes mental health communications. *See* OCGA § 24-5-501(a)(2) & (7). Because these two privileges are analogous, we extend this same reasoning to communications with agents of a licensed professional counselor, meaning that communications with an agent of a licensed professional counselor are privileged under OCGA § 24-5-501(a). Thus, the grief journal falls squarely within the privilege created by the statute, and we find no

5

abuse of discretion in the trial court's denial of Gwinnett Medical Center's motion to compel.

2. Gwinnett Medical Center next argues that the trial court erred by failing to conduct an in camera inspection of the journal to determine if any part was not privileged and could be produced. In support of this argument, Gwinnett Medical Center cites a number of cases pertaining to mental health records generally.

Gwinnett Medical Center is correct in its assertion that mental health records "are not absolutely privileged." *Brown*, 334 Ga. App. at 186 (1). Exceptions to the privilege exist for communications between a patient and nurses or attendants (except where the nurses or attendants are acting as agents of the qualifying professional), mental health provider communications with someone other than the patient or another mental health provider, situations where no mental health treatment is given or contemplated, and the mere existence of treatment or its dates. *See id.* But none of these exceptions for mental health *records* applies here.

"[*C*]*ommunications* between a [licensed professional counselor] and patient *are* absolutely privileged and that privilege must be waived as a pre-condition of discovery." *Dynin v. Hall*, 207 Ga. App. 337, 338 (1) (428 SE2d 89) (1993) (emphasis in original) (citations omitted). Gwinnett Medical Center does not argue

on appeal that Hoover waived her privilege. And because Hoover's journal constitutes a communication between herself and her licensed professional counselor, it is absolutely privileged and in-camera inspection by the court was not warranted. Therefore, we find no abuse of discretion here.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*