23021.   FIELDS v. THE STATE.

Submitted July 12, 1965—Decided September 9, 1965—
Rehearing denied September 22, 1965.

*Aaron Kravitch, John J. Sullivan, John Wright Jones,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

Almand, Justice.   The defendant, Rufus L. Fields, was tried in the Superior Court of Chatham County for the murder of his wife.   The jury returned a verdict of guilty with a recom-

mendation of mercy and the trial judge sentenced the defendant to life imprisonment. His amended motion for new trial having been overruled, the defendant brings his case to this court for review, assigning error on the overruling of this motion.

■ It was not error to overrule the general grounds of the motion for new trial. The undisputed evidence showed that: the defendant was found in the room with his wife's body; the wife had been shot and killed with a rifle which was on the floor; the defendant stated to several persons that he had shot and killed his wife. On the trial of the case the defendant did not deny the killing, but instead based his defense on insanity at the time of the shooting. Several expert witnesses who testified for the defendant stated that he was insane at the time of the shooting. There was no positive testimony as to the sanity of the defendant at the time of the shooting. However, under the ruling in *Boyd v. State,* 207 Ga. 567 (63 SE2d 394) the jury is free to reject the testimony of expert witnesses as to the sanity of the accused and rely instead on the presumption of sanity. Under this ruling the jury could properly find that the defendant was sane even though there was no positive testimony to that effect.

There was evidence to support the verdict and the court did not err in overruling the general grounds of the motion for new trial.

■ In grounds 1 and 2 of the amended motion for new trial it is urged that the court erred in admitting and refusing to strike a portion of the testimony of Dr. A. H. Center, a psychiatrist who testified that the defendant was insane. The testimony in question was elicited from Dr. Center on cross examination and consisted of statements made by the defendant to Dr. Center in the course of his examination of the accused. It is the contention of the defendant that the admission of this testimony violates *Code Ann.* § 38-418 (5) (Ga. L. 1959, p. 190) which provides that communications between psychiatrist and patient are privileged. Although testimony of this nature is privileged, we are of the opinion that the privilege was waived when the defendant called the doctor as his witness and questioned him as to the mental condition of the accused. In 8 Wigmore, Evidence (McNaughton rev. 1961) § 2390 (2), p. 861,

it is said: "To call a physician to the stand, and *examine him as a witness* to one's physical condition formerly communicated to him, is a waiver of the privilege in regard to *all* of his knowledge of the physical condition asked about. No reasoning could maintain the contrary." See also 58 Am. Jur. 254, § 450 and 97 CJS 863, § 310 (d). The rule applies to mental condition as well as to physical. By calling the doctor as his witness and allowing him to testify as to the mental condition of the accused the defense waived the right to object to relevant cross examination of the doctor on the ground that such matter was a privileged communication between patient and psychiatrist.

It is also urged that the testimony of the doctor as to statements made by the defendant to him was hearsay and thus inadmissible in evidence. This contention is lacking in merit. The statements of the accused were admissible, not for the purpose of establishing the truth or falsity of such statements, but for the purpose of determining the basis of the expert witness' opinion. Moreover, the testimony which the defendant seeks to strike out was favorable to him as it tended to support his claim of insanity.

■ In ground 3 it is urged that the court erred in failing to charge the jury on the burden of proof necessary to convict when the case is dependent on circumstantial evidence. In *Bowen v. State,* 181 Ga. 427, 429 (182 SE 510) it was held that the failure to instruct on circumstantial evidence is not error where the defendant admits shooting the deceased. In the case at bar the defendant told several people shortly after the shooting that he had shot his wife. Under the ruling in *Bowen v. State,* supra, this was direct evidence of the guilt of the accused, and there being direct evidence, the court did not err in failing to charge the jury on the law relating to circumstantial evidence.

■ In ground 4 of the amended motion it is alleged that the court erred in charging the jury on incriminatory statements. The portion of the charge about which defendant complains is as follows: "If you find further that at the time of such alleged admissions were made he was laboring under a mental condition that caused him to be hazy and uncertain in his actions and

inability to comprehend the nature of his actions, then in such case you would have the right either to reject said admissions or to give them only such weight or credit under the circumstances as they then existed." The defendant contends that this charge led the jury to believe that they could believe the incriminating statements even though they found that he did not have the mental capacity to comprehend the nature of his statements. We agree that the charge was unclear and could affect the jury as contended by the defendant. However, we do not think the charge was reversible error under the facts in this case. The defendant's only defense was insanity; no claim was made that he did not shoot his wife. In a case of this nature, where the accused in effect admits the killing and bases his defense on insanity, erroneous instructions by the trial judge as to the weight to be given defendant's statements that he shot the deceased are not harmful, the statements being only evidence of what the accused already concedes.

■ In ground 5 of the amended motion it is contended that the court erred in admitting photographs of the scene of the killing and of the dead woman into evidence. The defense contends that the only purpose of these photographs was to inflame the passions of the jury since they had already admitted those things shown by the photographs and that the photographs were prejudicial to the accused. The photographs are not made a part of the record. Therefore we have no way to determine whether the photographs were prejudicial. It is well settled that this court cannot consider a ground of a motion alleging that certain photographs tended to prejudice the jury when the photographs are not made a part of the motion. See *Darden v. State*, 208 Ga. 599 (68 SE2d 559) and cases there cited. It is simply impossible to determine the effect of photographs without seeing them.

■ In grounds 6, 8 and 9 of the amended motion it is urged that the court erred in refusing to give certain requested charges. The charge requested in ground 6 was not strictly correct in its terms. Therefore, the refusal to give this charge is not grounds for a new trial. *Hunter v. State*, 133 Ga. 78 (2) (65 SE 154).

The charges requested in grounds 8 and 9 were charges on delusional insanity. There being no evidence in the record that the defendant was the victim of delusional insanity, the court did not err in refusing to give these charges.

■ In grounds 7, 10 and 11 error is assigned because the judge refused to charge the jury that the defendant could not be found guilty if the killing was due to accident or misfortune. None of the evidence supported a theory of accident or misfortune. Therefore, since the requested charge was not supported by the evidence, the court did not err in refusing to give it.

■ In ground 12 error is assigned because the court refused to charge the jury as follows: "However, where the question is whether the defendant had the mental capacity to possess the intention to kill and that the killing was not due to a joint union of act and intent, then in such case the burden to prove that fact would be upon the State and not upon the defendant." This charge is not a correct statement of the law and the court properly refused to give it. The presumption is that all men are sane and no burden of proof rests upon the State to establish this fact. The burden of proof is on the defendant to prove insanity and not on the State to prove sanity, as was stated in the requested charge. *Rozier v. State,* 185 Ga. 317, 319 (195 SE 172); *Barker v. State,* 188 Ga. 332, 335 (4 SE2d 31).

■ In grounds 13 and 14 of the amended motion error is assigned on the court's refusal to charge the jury on voluntary and involuntary manslaughter. There was no evidence to support a theory of voluntary or involuntary manslaughter. This being true, the court did not err in refusing to give the requested charge.

■ In the final ground of the amended motion the defendant claims that the court failed to charge the jury that the burden of proof was upon the State. This contention is lacking in merit. The judge instructed the jury as follows: "I charge you that the defendant entered upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial of the case, until it is shown by competent evidence that he is guilty to a moral

and reasonable certainty and beyond a reasonable doubt." In *Claybourn v. State*, 190 Ga. 861 (2) (11 SE2d 23), and *Swint v. State*, 203 Ga. 430 (5) (47 SE2d 65) it was held that this was an adequate charge on burden of proof.

The court did not err in overruling defendant's amended motion for a new trial.

*Judgment affirmed. All the Justices concur.*