## 47674. BOGGESS v. AETNA LIFE INSURANCE COMPANY.
## 47675. MASON v. BOGGESS et al.

DEEN, Judge. 1. "Appeals may be taken to the . . . Court of Appeals from . . . rulings of the superior courts . . . Where the trial judge in rendering an order . . . not otherwise subject to direct appeal certifies within 10 days of entry thereof that such order . . . is of such importance to the case that immediate review should be had." Code Ann. § 6-701. It follows that where a psychiatrist not a party to the action but whose deposition had been sought for purposes of discovery, and whose hospital records had been made the subject matter of a subpoena duces tecum directed to him filed a motion for protective order in the case on the ground that the information sought constituted confidential communications between himself and his clients (the plaintiff and her deceased husband), and where the court after hearing overruled the motion but issued a certificate of immediate review, the case is properly before this court and the motion to dismiss the appeal is denied. This ruling is likewise applicable to the appeal from the denial of a similar motion filed by the plaintiff. This case differs from *Mar-Pak Michigan, Inc. v. Pointer,* 226 Ga. 146 (173 SE2d 219) and *Coogler*

*v. Berry,* 117 Ga. App. 614 (161 SE2d 428) in that those cases did not come to the appellate court on certificates of review of interlocutory matters which the court considered important to the handling of trial litigation, but rather each was an attempt at appeal from a final judgment between the parties to the lawsuit by a third party who had unsuccessfully attempted to intervene in the litigation between them. It should be noted in this connection that *Fricks v. Cole,* 109 Ga. App. 143 (3) (135 SE2d 512) was written prior to the addition of section 2, providing for certificates of review, which was added to Code Ann. § 6-701 by Ga. L. 1968, p. 1072.

2. Under our prior Discovery Act (Ga. L. 1959, p. 425 et seq.) it was held: "Matters which are privileged are not discoverable under the Discovery Act; what is privileged is to be determined by other statutes." *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144 (1) (141 SE2d 112). That Act and the present one (Ga. L. 1966, pp. 609, 635; Code Ann. § 81A-126 (b)) specified in identical language that discovery may be had "regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action." (Emphasis supplied.) Communications between psychiatrist and patient are of course privileged. Code § 38-418 (5); *Fields v. State,* 221 Ga. 307, 308 (144 SE2d 339). Nor does the privilege cease with the death of the client. That attorney-client privilege may be applied by analogy when dealing with psychiatrist-patient privilege, see *Cranford v. Cranford,* 120 Ga. App. 470 (2) (170 SE2d 844). "The rule making an attorney incompetent to testify for or against his client continues after the client's death. *Neal v. Patten,* 47 Ga. 73 (3)." *Smith v. Smith,* 222 Ga. 694, 699 (152 SE2d 560).

The same protection after death holds as to communications between husband and wife. *Lingo v. State,* 29 Ga. 470, 483. See also *McKie v. State,* 165 Ga. 210

(1) (140 SE 625). It is the communications, the confidences, which are protected, and they continue to be so. This is exactly what is prohibited and what is being sought in this case, as shown by the order of the trial court that the psychiatrist produce "all records, including medical and psychiatric records" and to answer all questions concerning "psychiatric diagnosis . . . including all communications made to him by Lloyd D. Boggess or any other person concerning Mr. Boggess." This of course would include both the statements of the deceased and of the plaintiff, both being clients of the psychiatrist. As stated in Taylor v. United States, 222 F2d 398, 401: "The psychiatric patient confides more utterly than anyone else in the world"; at least, the theory of the therapy generally is that only to the extent the patient confides and communicates can help be afforded. The fact of death no more releases the tongue of the psychiatrist than it does that of the attorney or the spouse.

3. It is also contended that the plaintiff, by bringing this action, effected a waiver which keeps her from invoking the objection of privileged communications to the testimony of the psychiatrist. As to this subject generally, see Anno., 97 ALR2d 393. Georgia makes no provision for waiver by statute, and while we agree that there may be situations in which a waiver is effected, this does not appear to be one of them. The plaintiff is suing an insurance company to recover under the accidental death double indemnity provision of the policy, in which she is named beneficiary, apparently on the theory that her husband was accidentally killed in an automobile collision. What the true facts are, and what the defense will be, cannot be determined with any certainty from the pleadings before us, but at this point it does not appear that the *plaintiff* is relying on any state of facts where proof of the mental condition of the deceased husband would be

necessary for her recovery. If she is relying on proof of an accident as a result of which the insured met his death, then the burden would be upon the defendant to show that there is no coverage by reason of some exclusion. "Where the only factor known is that the insured died as a result of violent and external injuries such as gunshot wounds, the cause is presumed accidental until the contrary is shown." *Interstate Life &c. Ins. Co. v. Wilmont,* 123 Ga. App. 337 (2) (180 SE2d 913).

Since the matter ordered produced by the trial court appears on its face to be privileged communications and diagnoses based thereon, and since the veil of privilege cannot be pierced by discovery depositions any more than by testimony on the trial of the case, the court erred in ordering its production.

*Judgment reversed. Quillian, J., concurs. Bell, C. J., concurs in the judgment only.*

ARGUED JANUARY 2, 1973—DECIDED JANUARY 30, 1973—REHEARING DENIED FEBRUARY 15, 1973—

*Jack B. McNeil,* for Boggess.

*Sutherland, Asbill & Brennan, J. D. Fleming, Jr.,* for Mason.

*Carter, Ansley, Smith, McLendon & Quillian, James B. Gurley,* for Aetna Life Ins. Co.