A89A0701. DONALSON v. THE STATE.
(383 SE2d 588)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of voluntary manslaughter, aggravated assault and being a "peeping Tom." He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant was arrested pursuant to a warrant. Urging that the magistrate had not been supplied with sufficient probable cause to issue the warrant, appellant filed a pre-trial motion to suppress all evidence, including his inculpatory statement, which had been obtained as the result of his allegedly illegal arrest. The denial of this motion to suppress is enumerated as error.

" ' " 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' [Cit.] There is . . . a great 'difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search.' [Cit.] . . . '[T]he "reasonable cause" necessary to support an arrest cannot demand the same strictness of proof as the accused's

guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties.' " [Cit.] We have no hesitancy in adopting and, indeed, reiterating these principles in connection with appellant's contentions respecting the showing of probable cause in this case. . . .' [Cits.]" *Baxter v. State*, 134 Ga. App. 286, 288-289 (1) (214 SE2d 578) (1975). " '[T]he Fourth Amendment does not by its terms require that probable cause be shown by the affidavit, but that "the judicial officer . . . be supplied" with sufficient information to support his independent judgment that probable cause exists for the warrant. [Cit.]' [Cit.] Here, the record shows that the officer who sought the warrant supplied the issuing magistrate with sufficient information to support a finding, which the magistrate made, that probable cause existed for the issuance of the warrant." *Devier v. State*, 253 Ga. 604, 610 (5) (323 SE2d 150) (1984). See also *Lewis v. State*, 255 Ga. 101 (1) (335 SE2d 560) (1985). It follows that the trial court did not err in denying appellant's motion to suppress.

2. Appellant further urges that the case against him was "tainted" by the State's use of a subpoena duces tecum to secure medical records regarding his hospitalization for psychiatric treatment.

Contrary to appellant's contentions, psychiatric medical records are not absolutely privileged. "The record *shall be produced* in response to a valid subpoena or order of any court of competent jurisdiction, *except for matters privileged under the laws of this [S]tate. . . .*" (Emphasis supplied.) OCGA § 37-3-166 (a) (8). While communications between a psychiatrist and his patient are privileged (see OCGA § 24-9-21 (5)), "appellant has not shown that the information made known to the [State] by the [hospital] and used at trial originated as communications from appellant to an attending psychiatrist or his agent. [Cits.]" *Johnson v. State*, 254 Ga. 591, 597 (7) (331 SE2d 578) (1985). Accordingly, this enumeration of error is without merit.

3. Appellant enumerates as error the admission into evidence of his in-custody statement.

The record shows that a *Jackson-Denno* hearing was conducted. The evidence adduced at this hearing authorized the trial court to find that appellant's in-custody statement had been freely and voluntarily made after he had been given the *Miranda* warnings. Under these circumstances, the statement was properly admitted into evidence for the jury's consideration. See *Hagans v. State*, 187 Ga. App. 216, 217 (2) (369 SE2d 536) (1988); *Garcia v. State*, 187 Ga. App. 166, 167 (2) (369 SE2d 776) (1988); *Hart v. State*, 185 Ga. App. 141, 142 (3) (363 SE2d 599) (1987).

4. As to the "peeping Tom" charge, appellant enumerates as error

the denial of his motion for a directed verdict of acquittal.

"The weight of the evidence and the credibility of witnesses are questions for the trier of fact. [Cit.] A rational trier of fact could find from the evidence adduced at trial proof of [appellant's] guilt beyond a reasonable doubt of the offense of being a 'peeping Tom.' [Cits.]" *Banks v. State*, 178 Ga. App. 54, 55 (1) (341 SE2d 859) (1986). The trial court did not err in denying the motion for a directed verdict of acquittal.

5. Appellant moved for a change of venue. The denial of this motion is enumerated as error.

"In order to prevail on a motion for change of venue pursuant to OCGA § 17-7-150 (a), a defendant must show '(1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible.' [Cit.] '(T)he empanelling of fair and impartial jurors, as demonstrated on voir dire, makes it particularly difficult to show that the setting of the trial was inherently prejudicial.' [Cit.]. . . Moreover, a trial court's finding that a defendant can receive a fair trial in the county in which the crime was committed will be upheld unless manifestly erroneous. [Cit.]" *Devier v. State*, supra at 608-609 (4). We find no basis for holding that the denial of appellant's motion for a change of venue was manifestly erroneous.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 5, 1989 —
REHEARING DENIED JUNE 21, 1989 — 

*August F. Siemon III*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.