A92A1875. DYNIN et al. v. HALL et al.
(428 SE2d 89)

CARLEY, Presiding Judge.

The facts relevant to resolution of the instant appeal are as follows: Appellant-plaintiffs' decedent took an overdose of prescription drugs and was hospitalized. Some 17 days later, she died. As the result of the death, appellants filed this medical malpractice suit against appellee-defendants. Appellees answered and sought discovery relating to the decedent's recent psychiatric treatment. Appellants opposed discovery relating to this issue. After conducting a hearing, the trial court held that all material relating to the decedent's psychiatric treatment, including the communications between the decedent and her psychiatrist, were discoverable. However, the trial court certified its order for immediate review and appellants applied for an interlocutory appeal. The instant appeal results from the grant of appellants' application.

1. "Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action. . . ." (Emphasis supplied.) OCGA § 9-11-26 (b) (1). Psychiatric *records* are *not* absolutely privileged. See *Donalson v. State*, 192 Ga. App. 37, 38 (2) (383 SE2d 588) (1989). However, *communications* between a psychiatrist and patient *are* absolutely privileged and that privilege must be waived as a pre-condition of discovery. OCGA § 24-9-21 (5); *Freeman v. State*, 196 Ga. App. 343 (396 SE2d 69) (1990).

2. Pursuant to OCGA § 24-9-40, the psychiatrist-patient privilege may *not* be deemed waived simply because the patient's "care and treatment or the nature and extent of his injuries [have been put] at issue in any civil or criminal proceeding." See *Wilson v. Bonner*, 166 Ga. App. 9, 16 (5) (303 SE2d 134) (1983). Compare *Boggess v. Aetna Life Ins. Co.*, 128 Ga. App. 190, 192 (3) (196 SE2d 172) (1973) (discussing waiver *prior* to enactment of OCGA § 24-9-40).

3. In *Bobo v. State*, 256 Ga. 357 (349 SE2d 690) (1986), four Justices of the Supreme Court did *not* agree that the psychiatrist-patient privilege could be abrogated by a showing of "necessity." But see *Brown v. State*, 261 Ga. 66, 71 (5e) (401 SE2d 492) (1991). In any event, *Bobo* has no application in the instant case. That decision "is a plurality opinion holding that the statutory psychiatrist-patient evidentiary privilege must yield to a *criminal defendant's constitutional right of confrontation,* upon 'a showing of necessity, that is, that the evidence in question is critical to his defense and that substantially similar evidence is otherwise unavailable to him.' [Cit.]" (Emphasis supplied.) *Salley v. State*, 199 Ga. App. 358, 361 (2b) (405 SE2d 260) (1991). "Although the Supreme Court set up a balancing test to determine those rare instances when the privilege must yield to a fundamental constitutional right, the *present civil dispute* does not fall within the purview of *[Bobo v. State*, supra]. [Cit.]" (Emphasis supplied.) *Aetna Cas. &c. Co. v. Ridgeview Institute*, 194 Ga. App. 805, 806 (1) (392 SE2d 286) (1990). The present *civil* dispute is governed by the Civil Practice Act. The privilege afforded psychiatrist-patient communications is "absolute, and if a matter is privileged it is not discoverable [under the Civil Practice Act]." *Atlantic Coast Line R. Co. v. Daugherty*, 111 Ga. App. 144, 149 (1) (141 SE2d 112) (1965).

4. Even if *Bobo* were applicable in the instant civil case, appellees have nevertheless failed to make the requisite showing so as to authorize discovery of privileged psychiatrist-patient communications.

The privileged communications are certainly not "critical" to appellees' defense of the allegations that their malpractice caused the death of the decedent. Indeed, they are not even relevant to appellees' defense of those allegations. It is undisputed that, prior to her hospitalization, the decedent had taken an overdose of prescription drugs. Whether that pre-existing condition arose accidentally or in-

tentionally would have no material bearing whatsoever on whether the decedent's eventual death was the actionable result of appellees' alleged *subsequent* malpractice. *Martin v. Reed,* 200 Ga. App. 775, 776 (5) (409 SE2d 874) (1991); *Overstreet v. Nickelsen,* 170 Ga. App. 539, 540 (1) (317 SE2d 583) (1984). The death was either the inevitable result of the decedent's previous ingestion of drugs or it was proximately caused by appellees' subsequent malpractice. If the death was the inevitable result of the drug overdose, the decedent was responsible for her own death and appellees are not liable regardless of whether the drugs were taken accidentally or intentionally. If, however, the death was the result of appellees' subsequent malpractice, appellees' liability would not be obviated merely because the decedent's pre-existing condition was caused by a failed suicide attempt rather than an accidental drug overdose. Appellees can meet their burden of proof by demonstrating that the death was not the proximate result of their alleged subsequent malpractice, but the proximate result of the decedent's pre-existing condition, without regard to how that condition arose. See *Kirby v. Spivey,* 167 Ga. App. 751, 755 (3) (307 SE2d 538) (1983).

Appellees urge that even if the privileged communications are not relevant to their defense, those communications are still discoverable as relevant to the *extent* of their liability for malpractice. According to appellees, the decedent's mental state is a factor to be considered in determining the full value of her life and the privileged communications would constitute the most objective evidence of her mental state. It is obvious, however, that in *any* action, the actual communications between a psychiatrist and a patient would be relevant to the patient's mental state and would constitute the most objective evidence thereof. Nevertheless, the legislature has clearly expressed its intent that, as a matter of public policy, psychiatrist-patient communications are to be privileged and are to remain privileged *even though* the patient's "care and treatment or the nature and extent of his injuries [have been put] at issue in any civil or criminal proceeding." OCGA § 24-9-40. To hold that communications between the deceased and her psychiatrist have lost their privileged character and are discoverable merely because they are the most objective evidence of the relevant issue of the decedent's mental state would contravene the legislature's express intent. *Bobo* requires a showing "that substantially similar evidence is otherwise unavailable. . . ." *Bobo v. State,* supra at 360 (4). Here, as in *Wilson v. Bonner,* supra at 16 (5), appellees may have shown that no more objective evidence of the decedent's mental state is available. However, that is not the equivalent of showing the unavailability of "substantially similar evidence" which would serve to illustrate the mental state of the decedent.

5. The trial court's order is reversed insofar as it holds that privileged communications between the decedent and her psychiatrist are discoverable by appellees. The trial court's order is affirmed insofar as it allows appellees to proceed with discovery of non-privileged evidence relevant to the decedent's mental state. See *Aetna Cas. &c. Co. v. Ridgeview Institute,* supra at 805 (1); *Annandale At Suwanee v. Weatherly,* 194 Ga. App. 803 (392 SE2d 27) (1990).

*Judgment affirmed in part and reversed in part. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993 —
RECONSIDERATION DENIED FEBRUARY 11, 1993 —

*Thomas W. Bennett, Samuel G. Alderman III,* for appellants.
*Newton, Smith, Durden & Kaufold, Wilson R. Smith, Bouhan, Williams & Levy, James M. Thomas, Joseph A. Mulherin III,* for appellees.