A98A2442. PRICE v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.
(510 SE2d 582)

ANDREWS, Chief Judge.

As a result of an automobile accident, Allan Howard Price sued Sharon Lea Engleman for negligence and negligent infliction of emotional distress. Engleman's uninsured motorist carrier, State Farm, was also served with a copy of the complaint. After granting State Farm's motion to compel the production of records from plaintiff's treating psychiatrist, the trial court certified its order for immediate review by this Court. Plaintiff's application for interlocutory appeal was granted by this Court and a timely notice of appeal was filed. For reasons which follow, we affirm.

The record shows that State Farm served the plaintiff and his treating psychiatrist, James Howard, M.D., with a request for production of Dr. Howard's treatment records and bills for the plaintiff on June 17, 1997. Neither the plaintiff nor Dr. Howard filed an objection to this request within ten days pursuant to OCGA § 9-11-34 (c) (2). On July 24, 1997, State Farm wrote to Dr. Howard, advised him

that his response to the request was overdue, and requested a written response to its request. In a July 29, 1997 letter, Dr. Howard responded, "From my conversation with Mr. Price it is my understanding he had instructed you not to involve me in this process. This is simply for the best interest of the patient."

State Farm moved to compel production of Dr. Howard's records on October 24, 1997. The plaintiff filed a response to this motion on November 18, 1997, and asserted the records were protected from discovery by the psychiatrist-patient privilege created by OCGA § 24-9-21 (5). The trial court granted State Farm's motion to compel in its entirety, but limited State Farm's use of the documents obtained from Dr. Howard and prohibited State Farm from copying or disseminating the documents "except as required for legitimate purposes related to this litigation." In this appeal, Price contends in each of his four enumerations of error that the trial court erred when it granted State Farm's motion to compel.

1. OCGA § 9-11-34 (c) (2) creates the following procedure for objections to requests for production to nonparties who are practitioners of the healing arts or a hospital or health care facility: "The nonparty, any party, or the person whose records are sought may file an objection with the court in which the action is pending and shall serve a copy of such objection on the nonparty to whom the request is directed, who shall not furnish the requested materials until further order of the court, and on all other parties to the action. . . . If no objection is filed within ten days of the request, the nonparty to whom the request is directed *shall* promptly comply therewith." (Emphasis supplied.)

In *McFarlin v. Taylor*, 187 Ga. App. 54, 55 (369 SE2d 330) (1988), we held that a trial court abused its discretion when it failed to grant a motion to compel records from the plaintiff's dentist when no objection was filed to the defendant's request for production of documents to the dentist within the ten-day period proscribed by OCGA § 9-11-34 (c) (2). The belated assertion of the psychiatrist-patient privilege in this case does not demand a different result.

Although the psychiatrist-patient privilege is frequently characterized as "absolute," it can be waived. *Freeman v. State*, 196 Ga. App. 343-344 (396 SE2d 69) (1990); *Emory Univ. v. Houston*, 185 Ga. App. 289, 295 (2) (364 SE2d 70) (1987), rev'd on other grounds, *Emory Clinic v. Houston*, 258 Ga. 434 (369 SE2d 913) (1988); *Plunkett v. Ginsburg*, 217 Ga. App. 20, 21 (456 SE2d 595) (1995); *Dynin v. Hall*, 207 Ga. App. 337, 338 (1) (428 SE2d 89) (1993). See also *McCord v. McCord*, 140 Ga. 170, 173-175 (78 SE 833) (1913). Since it is well-established that a party's failure to timely object to a discovery request will result in a waiver of the right to object, we find that Price's failure to object within ten days resulted in a waiver of his

right to object to State Farm's discovery request based upon the psychiatrist-patient privilege.[1] See *Drew v. Hagy*, 134 Ga. App. 852 (216 SE2d 676) (1975); *Tompkins v. McMickle*, 172 Ga. App. 62, 63 (321 SE2d 797) (1984); *Ale-8-One &c. v. Graphicolor Svcs.*, 166 Ga. App. 506, 507 (1) (305 SE2d 14) (1983); *Smith v. Nat. Bank of Ga.*, 182 Ga. App. 55, 57 (2) (354 SE2d 678) (1987). See also *Cohran v. Carlin*, 165 Ga. App. 141, 144 (297 SE2d 54) (1983); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F2d 8, 12 (1st Cir. 1991). As a result, the trial court did not err when it granted State Farm's motion to compel.

2. We reject Price's contention that the trial court erred when it granted State Farm's motion to compel because the United States Supreme Court's decision in *Jaffee v. Redmond*, 518 U. S. 1, 4 (116 SC 1923, 135 LE2d 337) (1996) classifies "communications between a patient and his psychiatrist as 'absolutely privileged.'" In *Jaffee*, the Supreme Court addressed only whether federal courts should recognize a psychotherapist privilege under Rule 501 of the Federal Rules of Evidence in cases governed by federal law. 518 U. S. at 4. This decision has no impact on the scope of this privilege in Georgia.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 16, 1998.

*Steven K. Leibel*, for appellant.
*Sharon W. Ware & Associates, Joanne B. Brown, Panton P. Pou*, for appellee.

---

[1] We express no opinion on whether the waiver of the right to object to a specific discovery request will result in a waiver of the right to object to subsequent discovery requests or during trial. See *Associated Grocers Co-Op v. Trust Co. of Columbus*, 158 Ga. App. 115, 116 (3) (279 SE2d 248) (1981); *Bobo v. State*, 256 Ga. 357, 358 (2) (349 SE2d 690) (1986).