A99A1852. HOPSON v. KENNESTONE HOSPITAL, INC.
(526 SE2d 622)

JOHNSON, Chief Judge.

Communications between a patient and psychiatrist are absolutely privileged and not discoverable unless the patient affirmatively waives the privilege.[1] Under OCGA § 9-11-34 (c), a party to a lawsuit may request that a nonparty hospital produce patient records that are not privileged. If the patient, hospital or any party does not object to the request within ten days of its filing, the hospital shall produce the nonprivileged records.[2] Does a patient's failure to object within ten days to such a request for nonprivileged matter amount to an affirmative waiver of her privileged communications with her psychiatrist? We hold that it does not amount to a waiver because privileged matter is not discoverable under a nonparty document production request, so the patient has no obligation to object to the request on the basis of her privilege.

In 1995, Sherri Hopson and her husband executed a divorce settlement agreement in which she promised to undergo drug treatment. Believing that she was not complying with the agreement, Hopson's former husband filed an action to terminate his alimony payments in 1996. After he filed the action, Sherri Hopson participated in a drug treatment program at Kennestone Hospital. Mr. Hopson subsequently served Kennestone with a nonparty discovery request under OCGA § 9-11-34 (c), asking the hospital to produce Sherri Hopson's drug rehabilitation records. Sherri Hopson filed no objection to the request. Kennestone later complied with the request and gave Sherri Hopson's medical records, which allegedly contain privileged psychiatric information, to her former husband. The Hopsons eventually settled their alimony dispute.

In 1997, Kennestone sued Sherri Hopson to collect $704, plus interest, for the medical care it had provided to her. Hopson counterclaimed that Kennestone is liable under various tort theories for having improperly released her privileged mental health care records to her former husband. Hopson and Kennestone filed opposing motions for summary judgment. The trial court granted summary judgment

---

[1] OCGA § 24-9-21 (5); *Plunkett v. Ginsburg*, 217 Ga. App. 20, 21 (456 SE2d 595) (1995); *Dynin v. Hall*, 207 Ga. App. 337, 338 (1) (428 SE2d 89) (1993).

[2] OCGA § 9-11-34 (c) (2).

to Kennestone on both its claim and Hopson's counterclaim. Hopson appeals, challenging the court's grant of summary judgment to the hospital on her counterclaim.

The trial court granted summary judgment on the counterclaim, and the dissent approves of that grant, by relying on *Price v. State Farm &c. Ins. Co.*,[3] which held that a patient waived his patient-psychiatrist privilege by failing to object within ten days to a non-party document discovery request served under OCGA § 9-11-34 (c). The *Price* court based its holding on language in OCGA § 9-11-34 (c) (2), which provides that the patient, any party or the nonparty may object to the discovery request and, if no objection is filed within ten days of the request, the nonparty shall comply with the request. Unlike the dissent and the *Price* court, we conclude that a patient's failure to make such an objection does not waive the patient-psychiatrist privilege.

OCGA § 9-11-34 (a) (1) provides that a party may request that another party produce documents containing matter discoverable within the scope of OCGA § 9-11-26 (b), which is the general discovery provision establishing that parties may discover only matter that is *not privileged*. OCGA § 9-11-34 (c) (1) establishes that the discovery of nonprivileged documents also applies to nonparties. And OCGA § 9-11-34 (c) (2) extends the applicability of such discovery to hospitals. Thus, under OCGA § 9-11-34 (c), a party may request that a nonparty hospital produce patient records which are *not privileged*.

Communications between a patient and a psychiatrist are absolutely privileged.[4] Consequently, those privileged communications are not within the scope of a party's request that a nonparty hospital produce nonprivileged patient records. Because privileged patient-psychiatrist communications are not within the scope of a nonparty document production request, there is no reason for a patient to assert the privilege in opposition to such a request. Contrary to the *Price* holding, a patient who does not raise such an unnecessary objection is not waiving her patient-psychiatrist privilege. Rather, she is simply forgoing whatever objections she might have had to the nonparty's production of *nonprivileged* matter that is properly within the scope of the OCGA § 9-11-34 (c) discovery request.

In fact, the statute itself clearly expresses the legislature's intent that a patient does not waive the privilege protecting her confidential communications simply by not objecting to a request for her nonprivileged medical records. OCGA § 9-11-34 (d), entitled *Confidentiality*, states, "The provisions of this Code section shall not be deemed to

---

[3] 235 Ga. App. 792, 793-794 (1) (510 SE2d 582) (1998).
[4] OCGA § 24-9-21 (5); *Plunkett*, supra; *Dynin*, supra.

repeal the confidentiality provided by Code Sections 37-3-166 concerning mental illness, 37-4-125 concerning mental retardation, and 37-7-166 concerning drug and alcohol treatment." To hold that a patient waives the confidentiality protected by the patient-psychiatrist privilege by not objecting to a discovery request which, by the very terms of OCGA § 9-11-34, cannot include such privileged matter, contravenes the legislature's express intent.

Moreover, other than *Price*, the courts of this state have been reluctant to find a waiver of the absolutely privileged communications between a patient and psychiatrist. We have discovered only one sort of case in which a waiver was found, and that is where the patient actually calls the psychiatrist as a witness at trial to testify about the patient's mental state.[5] Unlike that affirmative act clearly waiving the privilege, courts have found that the privilege is not waived in cases where a patient seeks to recover damages for mental and emotional damages, where a third party necessary for the psychiatric treatment is present during the patient's treatment, or where the patient has made disclosures in a separate unrelated action.[6] And the privilege does not end upon the death of the patient.[7]

According to the established case law, it is apparent that in order to waive the privilege a patient must take an affirmative action obviously giving up the confidentiality of communications with a psychiatrist, such as calling the psychiatrist as a trial witness. But nowhere in the case law, other than the *Price* holding that a failure to object creates a waiver, is some failure to act — some omission by the patient — deemed to be a waiver of the privilege. Based on the case law and the plain language of OCGA § 9-11-34, the holding in *Price* is erroneous and is hereby overruled.

In the current case, the trial court's summary judgment ruling relying on *Price* is also erroneous. Contrary to the trial court's ruling, Hopson's failure to object to the request for her medical records from Kennestone did not amount to a waiver of her patient-psychiatrist privilege. By not objecting to the request, Hopson waived only the objections that she might have made to the production of her medical records that are not privileged. The trial court's improper grant of summary judgment to Kennestone on Hopson's counterclaim is therefore reversed.

*Judgment reversed. Pope, P. J., Blackburn, P. J., Smith, Ruffin, Eldridge, Barnes, Miller, Ellington and Phipps, JJ., concur. McMurray, P. J., and Andrews, P. J., dissent.*

---

[5] *Wiles v. Wiles*, 264 Ga. 594, 596 (1) (448 SE2d 681) (1994); *Griggs v. State*, 241 Ga. 317, 318-319 (3) (245 SE2d 269) (1978); *Fields v. State*, 221 Ga. 307, 308-309 (2) (144 SE2d 339) (1965).

[6] *Bobo v. State*, 256 Ga. 357, 358 (2) (349 SE2d 690) (1986).

[7] *Boggess v. Aetna Life Ins. Co.*, 128 Ga. App. 190, 191-192 (2) (196 SE2d 172) (1973).

McMurray, Presiding Judge, dissenting.

The section of the Civil Practice Act regarding requests for the production of documents applies to nonparties as well as parties, including a practitioner of the healing arts, in which event:

> The nonparty, any party, or the person whose records are sought may file an objection . . . and *shall serve* a copy of such objection on the nonparty to whom the request is directed, who shall not furnish the requested materials until further order of the court, and on all other parties to the action.

(Emphasis supplied.) OCGA § 9-11-34 (c) (2). In this case, Hopson (through her counsel) was notified of her former husband's request for documents, including a request for letters, communications, et cetera, served on Kennestone Hospital as a nonparty record holder. No objection was lodged.

"Although the psychiatrist-patient privilege is frequently characterized as 'absolute,' it can be waived. [Cits.] [Further,] it is well-established that a party's failure to timely object to a discovery request will result in a waiver of the right to object. . . ." *Price v. State Farm &c. Ins. Co.*, 235 Ga. App. 792, 793 (1) (510 SE2d 582). Under this precedent, Hopson waived any valid claim of patient-psychiatrist privilege by failing to interpose a timely objection to the properly noticed request for production of documents served on the nonparty hospital. It follows she has sustained no legal damage by the nonconsensual release of her drug rehabilitation file to her ex-husband's counsel. Rather than overrule *Price*, I would adhere to its well-reasoned holding. The trial court correctly granted summary judgment to the hospital on all theories of recovery and should be affirmed. I respectfully dissent.

I am authorized to state that Presiding Judge Andrews joins in this dissent.

Decided December 6, 1999 —
Reconsideration denied January 14, 2000 —

*Beltran & Associates, Frank J. Beltran, Charlotte K. Perrell*, for appellant.

*Browning & Tanksley, Henry D. Green, Jr., David V. Johnson*, for appellee.