S00G0815. KENNESTONE HOSPITAL, INC. v. HOPSON.
(538 SE2d 742)

FLETCHER, Presiding Justice.

In response to a request for discovery from a non-party under OCGA § 9-11-34 (c), Kennestone Hospital produced Sherri Hopson's mental health records to her former husband in their divorce action. Hopson filed a claim alleging that the hospital was liable in tort for releasing records that were privileged, but the trial court granted

summary judgment to Kennestone. Reversing, the Court of Appeals for the State of Georgia held that a patient's failure to object within ten days to a request for a nonparty to produce documents does not amount to a waiver of the patient's privileged communications with a psychiatrist.[1] Because we agree that there is no implied waiver of the mental health privilege based on the patient's failure to object to a request for a nonparty to produce mental health records, we affirm.

## FACTS AND PROCEEDINGS

Sherri Hopson agreed to undergo treatment in a drug rehabilitation program as part of the settlement agreement with her husband in their divorce action. After her former husband sought to terminate his alimony payments based on her failure to receive treatment, Hopson participated in a two-week outpatient drug treatment program at Kennestone Hospital. Her ex-husband served Kennestone with a nonparty discovery request under OCGA § 9-11-34 (c), seeking production of any hospital documents concerning Hopson's attendance and completion of drug rehabilitation programs at the hospital. Hopson did not object within ten days, the hospital produced Hopson's records, and the alimony action was settled.

Later Kennestone sued Hopson to collect an unpaid medical bill, and Hopson filed counterclaims against Kennestone for negligence, invasion of privacy, tortious interference with a confidential relationship, intentional and negligent infliction of emotional distress, and breach of fiduciary duty. She contended that the hospital improperly released records and documents that contained confidential and privileged communications between Hopson and her psychiatrists concerning her treatment without her consent or a court order. Rejecting her arguments, the trial court granted summary judgment to Kennestone on its complaint and Hopson's counterclaim. The court of appeals reversed the grant of summary judgment on the counterclaim, and this Court granted certiorari.

## DISCOVERY PROCEDURES

The Georgia Civil Practice Act provides for the discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action."[2] A party's failure to object to a discovery request within the time required generally will result in a waiver of the right to object.[3] The issue in this appeal is whether the

---

[1] *Hopson v. Kennestone Hospital*, 241 Ga. App. 829 (526 SE2d 622) (1999).

[2] OCGA § 9-11-26 (b) (1).

[3] See *Ale-8-One of America v. Graphicolor Services*, 166 Ga. App. 506, 507 (305 SE2d 14) (1983); *Drew v. Hagy*, 134 Ga. App. 852 (216 SE2d 676) (1975).

general rule should apply to requests under OCGA § 9-11-34 (c) to nonparties for the production of documents that are protected by the psychiatrist-patient privilege.

OCGA § 9-11-34 deals with discovery rules concerning the production of documents, the inspection of things, and the entry upon land to inspect property or objects. Subsection (c) applies the code section to discovery against persons who are not parties in the underlying action; subsection (d) provides that the code section shall not repeal the confidentiality provided by other statutes concerning mental illness, mental retardation, and alcohol and drug treatment.[4]

Paragraph (c) (1) of OCGA § 9-11-34 sets out the procedure for obtaining discovery and gives the nonparty or any party the right to object; paragraph (c) (2) applies the code section specifically to discovery against a nonparty who is a practitioner of the healing arts, hospital, or health care facility. The party desiring discovery must serve all parties with the request, and the nonparty or any party may file an objection with the court. If an objection is filed, the nonparty shall not furnish the requested materials until further order of the court and the party seeking the discovery may file a motion to compel discovery. "If no objection is filed within ten days of the request, the nonparty to whom the request is directed shall promptly comply."[5]

There is no federal rule comparable to paragraph (c) (2) or (d) of OCGA § 9-11-34, and neither provision was part of the Georgia Civil Practice Act when it was originally enacted in 1966 or substantially revised in 1972.[6] The legislative history of the two provisions consists of the preamble of two acts passed in 1986 and 1988. Given the ambiguity in the first act concerning the "privileges" covered and the stated purpose of the second act to keep mental health records confidential, this limited legislative history does not clarify the legislature's intent in enacting subsections (c) and (d).[7]

## PSYCHIATRIST-PATIENT PRIVILEGE

As a matter of public policy, this state has long provided for the confidentiality of communications between psychiatrist and patient.[8] In 1995, the legislature expanded the list of mental health providers whose communications with patients during the psychotherapeutic

---

[4] See OCGA §§ 37-3-166; 37-4-125; and 37-7-166.

[5] OCGA § 9-11-34 (c) (2).

[6] See 1966 Ga. Laws 609, 647; 1972 Ga. Laws 510, 527.

[7] See 1986 Ga. Laws 1277 preamble (an act "to revise the scope of certain privileges" and "to include certain information of hospitals and health facilities as privileged"); id. at 1279 (referring to the waiver of "the privilege" in confidential medical records); 1988 Ga. Laws 375 (codified at OCGA § 9-11-34 (d)).

[8] OCGA § 24-9-21 (5).

relationship are privileged. The mental health privilege now includes confidential communications between patient and psychiatrist, licensed psychologist, licensed clinical social worker, clinical nurse specialist in mental health or psychiatry, licensed marriage and family therapist, or licensed professional counselor.[9]

"The purpose of the privilege is to encourage the patient to talk freely without fear of disclosure and embarrassment, thus enabling the psychiatrist to render effective treatment of the patient's emotional or mental disorders."[10] In recognizing a testimonial privilege for communications between psychotherapist and patient, the United States Supreme Court concluded that the privilege serves important private and public interests by facilitating appropriate treatment and thus promoting the mental health of the country's citizenry.[11]

Although the fact that a patient has undergone psychiatric treatment and the dates of the care are not subject to the psychiatrist-patient privilege,[12] confidential communications between the psychiatrist and patient generally are protected.[13] As a result, the patient must waive the privilege either expressly or implicitly as a precondition of discovery.[14] This Court has found an implied waiver at trial when a criminal defendant called a psychiatrist as a witness to testify about the defendant's mental condition.[15] In contrast, we refused to find that a witness in a criminal trial waived the privilege by allowing her psychiatrist to testify in her workers' compensation case.[16]

## IMPLIED WAIVER OF PRIVILEGE

Waiver is the voluntary relinquishment of a known right and may be established by express statements or implied by conduct.[17] An implied waiver is one shown by a "party's decisive, unequivocal conduct reasonably inferring the intent to waive."[18] Ordinarily, silence is insufficient to establish a waiver unless there is an obliga-

---

[9] See OCGA § 24-9-21 (6) - (8); see also OCGA § 43-39-16 (confidential communications between a licensed psychologist and client are privileged).

[10] *Wiles v. Wiles*, 264 Ga. 594, 595 (448 SE2d 681) (1994).

[11] See *Jaffee v. Redmond*, 518 U. S. 1 (116 SC 1923, 135 LE2d 337) (1996).

[12] See *Johnson v. State*, 254 Ga. 591, 597 (331 SE2d 578) (1985).

[13] See *Sims v. State*, 251 Ga. 877, 881-882 (311 SE2d 161) (1984). But see *Bobo v. State*, 256 Ga. 357, 360 (349 SE2d 690) (1986) (plurality opinion) (concluding that a witness' statutory psychiatrist-patient privilege must yield to the defendant's constitutional right of confrontation in a proper case).

[14] See *Dynin v. Hall*, 207 Ga. App. 337, 338 (428 SE2d 89) (1993).

[15] See *Fields v. State*, 221 Ga. 307, 308-309 (144 SE2d 339) (1965).

[16] See *Bobo*, 256 Ga. at 358.

[17] *Johnson v. Flynt*, 240 Ga. 359, 366 (240 SE2d 858) (1977).

[18] Black's Law Dictionary 1575 (7th ed. 1999).

tion to speak.[19]

In at least three cases, the court of appeals has considered the relationship between the statutes providing for the discovery of non-party documents and those providing for the confidentiality of communications between psychiatrist and patient. The court first identified the issue as whether the psychiatrist-patient privilege "is ever subject to waiver or is an 'absolute' privilege," but declined to decide the issue.[20] Subsequently, the court held in *Price v. State Farm Mutual Auto. Ins. Co.*[21] that a patient's failure to object within ten days under § 9-11-34 (c) (2) waived the patient's right to object to a discovery request seeking documents protected by the psychiatrist-patient privilege. However, when the full court considered the issue again in this case, it overruled its prior decision in *Price* and held that a patient's failure to object did not constitute an affirmative waiver of privileged communications with a psychiatrist.[22]

Considering the protection afforded by the mental health privilege, we conclude that a patient's failure to file an objection within ten days of the request for privileged communications from a non-party is not the type of decisive and unequivocal conduct that justifies inferring an intent to waive the privilege. The only previous instance where we have found an implied waiver of the privilege was based on the affirmative act of a party in calling a psychiatrist as a witness.[23] In contrast, the implied waiver in this case would be based on the party's silence or failure to act.

Given the importance of the privilege in encouraging and protecting confidential communications concerning the emotional and mental health of individuals, we hold that a party's silence and failure to act in response to a request for privileged matter from a non-party health care provider or facility under OCGA § 9-11-34 (c) (2) does not waive the party's privilege by implication. Because we agree with the court of appeals that Hopson did not waive her psychiatrist-patient privilege by failing to object to the request for her records from Kennestone, we affirm its decision reversing the trial court's grant of summary judgment in favor of the hospital.

---

[19] Id.; *Johnson v. Flynt*, 240 Ga. at 366.

[20] See *Jones v. Abel*, 209 Ga. App. 889, 895 (434 SE2d 822) (1993).

[21] 235 Ga. App. 792, 793-794 (510 SE2d 582) (1998).

[22] See *Hopson*, 241 Ga. App. at 830-831; see also *Sletto v. Hospital Authority*, 239 Ga. App. 203, 206 (521 SE2d 199) (1999) (concluding that plaintiff had stated a cause of action against hospital and medical record custodian for the hospital's unauthorized release of mental health records).

[23] Cf. *Waldrip v. Head*, 272 Ga. 572, 578 (532 SE2d 380) (2000) (discussing limited nature of implied waiver of attorney-client privilege when habeas petitioner files a claim for ineffective assistance of trial counsel); *In re Paul*, 270 Ga. 680, 686 (513 SE2d 219) (1999) (waiver of reporter's qualified privilege may occur when reporter publishes confidential information or voluntarily testifies).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 13, 2000.

Browning & Tanksley, Henry D. Green, Jr., David V. Johnson, for appellant.

Beltran & Associates, Frank J. Beltran, Douglas V. Chandler, Bernadette C. Crucilla, for appellee.