BENHAM, Justice,
dissenting.
In some jurisdictions, the authority of a deceased patient’s representative to waive the psychiatrist-patient privilege in the event of the patient’s death is provided by statute.[8] No express authority is found in Georgia for the waiver, by a deceased patient’s *437 representative, of the evidentiary privilege afforded to communications between psychiatrist and patient. I am of the opinion that this Court should hold as a matter of public policy that, at least in the factual scenario presented in this case, the representative of the deceased patient should have the authority to act on behalf of the deceased to waive the psychiatrist-patient privilege where that representative is asserting a claim on behalf of the survivors or the patient’s estate against the very health care professional who is asserting the privilege as a shield to such a claim. That is not the intended purpose of the evidentiary privilege. Its purpose is to protect the patient, along with the public interest in promoting mental health care, not the doctor.[9]
In discussing the public policy reasons behind the psychotherapist-patient privilege, this Court has stated:
Protecting confidential mental health communications from disclosure serves an important private interest and a public interest. Jaffee v. Redmond, [518 U. S. 1, 11 (116 SCt 1923, 135 LE2d 337) (1996)]. As far as the individual patient’s private interest is concerned, confidentiality is a sine qua non for successful psychotherapeutic treatment since a psychotherapist’s ability to help a patient is completely dependent upon the patient’s willingness and ability to talk freely, and assurances of confidentiality and privilege foster the psychotherapist’s ability to function. Id., 518 U. S. at 10. See also Kennestone Hosp. v. Hopson, [273 Ga. 145, 148 (538 SE2d 742) (2000)], where we observed that “the purpose of the privilege is to encourage the patient to talk freely without fear of disclosure and embarrassment, thus enabling the psychiatrist to render effective treatment of the patient’s emotional or mental disorders.” Since “the mental health of our citizenry ... is a public good of transcendent importance,” the privilege serves the public interest “by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem.” Jaffee v. Redmond, supra, 518 U. S. at 11.
(Punctuation omitted.) State v. Herendeen, 279 Ga. 323, 325-326 (613 SE2d 647) (2005). How ironic it is to permit the doctor in this case to *438 assert the patient’s privilege and not to recognize the right of the patient’s survivors to waive the privilege, thereby permitting the doctor to shield himself from potential liability for providing unsuccessful psychotherapeutic treatment or ineffective or inappropriate treatment, if that is what these records would, in fact, demonstrate.
If the Landrys’ son had lived and sought to pursue a malpractice claim against Dr. Cooksey for injury from attempted suicide sustained as a result of Cooksey’s allegedly negligent treatment, the son could have waived the privilege, sought his treatment records, and presented them as evidence in the action. See Wiles v. Wiles, 264 Ga. 594 (1) (448 SE2d 681) (1994) (a patient may waive the psychiatrist-patient evidentiary privilege). Since the patient, himself, could have waived the privilege for the purpose of protecting his rights, “the same waiver may be made by those who represent him after his death, for the purpose of protecting rights acquired by him.” (Citation and punctuation omitted.) Hier v. Farmers Mut. Fire Ins. Co., 104 Mont. 471 (67 P2d 831) (1937) (rejecting a third-party’s right to assert the physician-patient privilege with respect to medical records relating to the deceased insured’s mental stability at the time he was accused of setting fire to insured property, and recognizing the right of the deceased’s representative to waive the privilege). Ironically, again, the effect of the majority opinion is to shield the psychiatrist from disclosure of confidential information in the event the alleged malpractice results in the patient’s death, even though disclosure would be permitted in the event the same alleged malpractice results in a less catastrophic injury because the patient survives.
When the survivors of a decedent bring a medical malpractice action relating to the decedent’s death, the survivors may assert the decedent’s privilege and prevent discovery of his or her psychiatric records by the defendant to the action. See Dynin v. Hall, 207 Ga. App. 337 (3) (428 SE2d 89) (1993). But this does not mean the defendant to the malpractice action can assert the privilege intended to protect the patient’s interest as a shield to liability. The statutory privilege exists for the benefit of the patient; thus it is the patient who is entitled to the benefits of the privilege. See Wiles v. Wiles, supra, 264 Ga. at 595. It rings hollow for the majority to say its holding does not shield the psychiatrist from potential liability but merelyrecognizes the psychiatrist-patient privilege may be waived only by the patient. For many purposes, an estate representative stands in the place of the deceased after death, and, at least in the factual situation posed by this case, the estate representative may speak for the patient after death for the purpose of asserting the right to psychiatric treatment that meets *439 the appropriate standard of care. It follows that the effective assertion of this right may require the waiver of the privilege, just as the patient would be required to waive the privilege in order to assert this right in life.
I do not believe that the recognition of a right of the estate representative to stand in the shoes of the deceased for purposes of waiving the psychiatrist-patient privilege conflicts with Georgia statutes governing the release of mental health records. OCGA § 31-33-4 states that the provisions of Chapter 33 of Title 31 to the Georgia Code, authorizing release of medical records to patients and other authorized persons, shall not apply to mental health records. Applied literally, OCGA § 31-33-4 would prohibit the release of mental health records to the patient, himself. It seems obvious this is not the intent of the Code section, but that it reasonably means the privilege afforded to mental health records may be waived by the patient and the records thereby released to him. In my opinion, at least under the circumstances present in this case, the estate representative may also waive the privilege on behalf of the deceased patient. OCGA § 37-3-166 (a) (8.1) operates only to exclude privileged matters from those mental health records that maybe released to the legal representative of a deceased patient’s estate by a facility approved by the state for outpatient or residential mental health treatment. That statute does not apply to the release of otherwise privileged material by a psychiatrist engaged in private practice in response to the waiver of the privilege by the deceased patient’s legal representative.
In District Attorney for the Norfolk District v. Magraw, 417 Mass. 169 (2) (628 NE2d 24) (1994), the Supreme Court of Massachusetts held that a deceased patient’s estate representative may waive the psychotherapist-patient privilege. The court noted that while the Massachusetts statute creating the privilege survives the death of the beneficiary, the patient, it does not address waiver of the privilege by the representative of the deceased patient’s estate. Id. at 173. It further noted the rationale behind the privilege, which is that “the most effective assistance of a therapist . . . can be achieved only through open communication, which is likely not to occur absent a guarantee that what the patient... says will not be disclosed to others without her consent.” Id. The court continued:
We acknowledge we are not free to water down the legislative policy embodied in the statute. However, a rule allowing waiver of the privilege by the representative of a deceased patient’s estate would not disturb the legislative policy. The statutory privilege gives the patient the option of invocation *440 or waiver. When the patient is incompetent, the statute provides that a guardian be appointed to determine whether to invoke the privilege; thus a representative determines whether it is in the patient’s best interest to invoke or to waive. There is no reason to allow waiver of the privilege — either by the patient or her guardian — during the patient’s life, while disallowing it after her death; waiver of the privilege may be in the patient’s estate’s best interest when the patient is deceased, just as it may be in her own best interest while she is living.
(Citation and punctuation omitted.) Id. at 173-174. The Georgia privilege statute does not similarly provide for the appointment of a guardian to act on behalf of an incompetent patient to determine whether to invoke or waive the psychiatrist-patient privilege. Nevertheless, I believe the analysis that there is no reason to allow the patient to waive the privilege in life, while disallowing the estate representative to waive it after the patient’s death, is a sound one that should be applied to the facts of this case.
I note additionally that the psychiatrist-patient privilege “generally conformas] in shape and substance to the attorney-client privilege.” Paul S. Milich, Ga. Rules of Evidence, § 23:1 (2013). See also OCGA § 43-39-16 (“confidential relations and communications between [a mental health provider] and client are placed upon the same basis as those provided by law between attorney and client”). Both privileges are now codified in the Georgia Evidence Code, OCGA § 24-5-501 (a) (2), (5), and both survive the death of the client. See Sims v. State, 251 Ga. 877 (5) (311 SE2d 161) (1984) (psychiatrist-patient privilege); Spence v. Hamm, 226 Ga. App. 357 (1) (487 SE2d 9) (1997) (attorney-client privilege). On its face, our Code provides for no exceptions to either privilege. OCGA § 24-5-501 (a) (2), (5). However, in the case of the attorney-client privilege, Georgia courts have nonetheless been willing to abrogate the privilege in circumstances where adhering to it would disserve the interests of justice. See, e.g., Yarbrough v. Yarbrough, 202 Ga. 391, 403 (7) (43 SE2d 329) (1947) (applying “testamentary exception” to attorney-client privilege to sanction disclosure of attorney’s communications with client regarding execution of will “to the end that full and complete justice may be done”); Both v. Frantz, 278 Ga. App. 556 (5) (629 SE2d 427) (2006) (applying “crime-fraud exception” to attorney-client privilege to allow attorney testimony regarding communications in furtherance of criminal or fraudulent activities); Peterson v. Baumwell, 202 Ga. App. 283 (2) (414 SE2d 278) (1991) (applying “joint attorney exception” to permit disclosures where attorney had jointly represented clients *441 whose interests subsequently became adverse); see also Schaffer v. Fox, 303 Ga. App. 584 (2) (693 SE2d 852) (2010) (permitting introduction into evidence of communications between a deceased client and her attorney, noting that attorney-client privilege cannot be invoked for the benefit of “strangers to the attorney-client relationship”). Just as our courts have been willing to recognize limited exceptions to the attorney-client privilege, we should also be willing to forego a rigid application of the psychiatrist-patient privilege in limited circumstances, where the application of that privilege operates only as an impediment to the pursuit of justice on behalf of the very individual it was intended to protect.
Our appellate courts have never addressed the issue of whether the representatives of a deceased client’s estate may waive the deceased’s attorney-client privilege to obtain documents from an attorney for use in a legal malpractice action against that attorney. However, at least one of our sister jurisdictions has recognized the right of the deceased client’s representative to waive the privilege in those circumstances. See Mayorga v. Tate, 752 NYS2d 353 (N.Y. App. Div. 2002) (daughter of deceased, to whom estate’s executor had assigned deceased’s cause of action for legal malpractice, had authority to waive deceased’s attorney-client privilege to obtain production of documents relevant to legal malpractice action). If our appellate courts would be inclined to follow the New York appellate court’s lead in the attorney-client privilege/legal malpractice context — which I believe we would be — then by analogy we should be inclined towards the same result in the psychiatrist-patient/medical malpractice context.
In short,
it makes no sense to prohibit an [estate representative] from waiving the ... privilege of his or her decedent, where such prohibition operates to the detriment of the decedent’s estate, and to the benefit of an alleged tortfeasor against whom the estate possesses a cause of action.
Mayorga v. Tate, 752 NYS2d at 359. Thus, I find no offense to the psychiatrist-patient privilege in allowing the representatives of a deceased patient’s estate to waive the privilege for the limited purpose of pursuing a potential medical malpractice claim against the very psychiatrist who seeks to assert that privilege to his own advantage.
This Court has already acknowledged that the statutorypsychiatristpatient privilege is not absolute, but that “in a proper case [the] statutory privilege must give way where countervailing interests in *442 the truth-seeking process demand such a result.” (Emphasis in original.) Bobo v. State, 256 Ga. 357, 360 (3) (349 SE2d 690) (1986) (nevertheless holding a criminal defendant, who asserted the privilege must yield to his constitutional right of confrontation, had failed to show the necessity for admission of privileged communications between a witness against him and her psychiatrist). I believe this is a proper factual situation for holding that the statutory privilege that may be asserted or waived by a patient may also be waived by the patient’s representative upon the patient’s death. Here, the estate representative of the deceased patient effectively stands in the shoes of the patient and should be permitted to exercise the patient’s right to waive the privilege granted to communications between him and his psychiatrist in order to pursue a potential claim against the psychiatrist. I reject the majority’s conclusion that to permit disclosure of such communications to an estate representative under the specific circumstances of this case would eviscerate the effectiveness of the privilege. Instead, it would permit the estate representative to pursue the patient’s interest in obtaining effective and appropriate treatment. See State v. Herendeen, supra. Otherwise, because of the patient’s death, there may be no effective recourse for the failure to provide such treatment.
Decided June 30, 2014.
Huff, Powell & Bailey, Randolph P. Powell, Jr., for appellant.
Henry Spiegel Milling, Philip C. Henry, Wendy G. Huray, for appellees.
I am authorized to state that Justice Hunstein joins in this dissent.

 In California, for example, the personal representative of the patient, if the patient is dead, is defined as a “holder of the privilege” who may waive the psychotherapist-patient privilege, and other statutory privileges. Cal. Evid. Code §§ 912, 993. In Illinois, see 740 Ill. Comp. Stat. 110/10 (a) (2) (1996) (“Records or communications may be disclosed in a civil proceeding after the recipient’s death when the recipient’s physical or mental condition has been introduced as an element of a claim or defense by any party claiming or defending through or as a beneficiary of the recipient, provided the court finds, after in camera examination of the evidence, that it is relevant, probative, and otherwise clearly admissible; that other satisfactory evidence is not available regarding the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from any injury which disclosure is likely to cause.”).

 Compare, for example, the Ohio statute governing the general physician-patient privilege, which expressly states that the privilege does not apply in the case of a medical malpractice claim brought by the patient or the estate of the patient if deceased, Ohio Rev. Code Ann. § 2317.02 (B) (1) (a) (iii).